

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON<br>316 Covered Bridge Road<br>King of Prussia, PA 19406<br><br>                **Plaintiff**<br>    v.<br><br>MERCHANT SOURCE INC. ("MSI") a<br>New York corporation<br>ANTHONY DELILLO, individually and as<br>an Officer of MSI<br>GEORGE M. GRECO, JR, individually<br>and as President/CEO of MSI<br>110 Jericho Turnpike,<br>Floral Park, NY 11001<br><br>and Does 1-100, inclusive<br><br>                **Defendants** | Civil Action No. **17 2851**<br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT:

This is an action brought by Plaintiff JAMES EVERETT SHELTON for damages, statutory damages, interest, court costs, and injunctive relief under rights pursuant to Federal Statute 47 U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of MERCHANT SOURCE INC. (MSI), ANTHONY DELILLO, GEORGE M GRECO, JR, and DOES 1 through 100, inclusive (collectively, "Company") in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Plaintiff demands a trial by jury, and complains and alleges as follows:

### I. Introduction

1. Plaintiff brings this action to challenge the Company's practices in the telephone

solicitation of its products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations using equipment with the "capacity" to placed autodialed telephone calls to numbers listed on the National Do-Not-Call Registry, by which it markets its products and services, and failure to maintain a Do-Not-Call policy or list in connection therewith.

2. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## II. Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendant conducts business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received.

## III. Parties

5. Plaintiff JAMES EVERETT SHELTON ("Plaintiff") is an individual who received the alleged phone calls on his private mobile telephone line, (484) 626-3942, mentioned herein. Plaintiff is an adult individual residing at 316 Covered Bridge Road, King of Prussia, PA 19406.

6. Defendant MERCHANT SOURCE INC. ("MSI") is a New York corporation that

markets, sells, and/or brokers "merchant cash advances" and business loans to businesses throughout the United States, and transacts business in, inter alia, Montgomery County, Pennsylvania, which lies within this Judicial District. Company has a principal mailing address of 110 Jericho Turnpike, Floral Park, NY 11001.

7. Defendant ANTHONY DELILLO ("Delillo") is an adult individual and an Officer and/or Funding Manager at MSI. He may be mailed at MSI's principal mailing address, 110 Jericho Turnpike, Floral Park, NY 11001.

8. Defendant GEORGE M. GRECO, JR ("Greco") is an adult individual and the President/CEO of MSI. He may be mailed at MSI's principal mailing address, 110 Jericho Turnpike, Floral Park, NY 11001.

1. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

2. At all times herein mentioned, MSI, DeLillo, Greco, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

3. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct,

wrongful goals, and wrongdoing.

## IV.     Factual Allegations

4. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: a.) a valid injury in fact, b.) which is traceable to the conduct of the defendants, and c.) and is likely to be redressed by a favorable judicial decision. See, Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6, and Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560. 29."

5. In or about June 9th, 2016, Plaintiff received the first of multiple telephone solicitations by Defendants and/or their agents at Plaintiff's personal mobile telephone, 484-626-3942. Plaintiff had not consented to this solicitation.

6. Plaintiff answered and spoke with Defendant Anthony DeLillo, a Funding Specialist at MSI. Plaintiff was offered a "business loan" or "merchant cash advance". Plaintiff asked to receive an e-mail from Mr. DeLillo at his personal e-mail address to confirm the caller's identity and company affiliation. On June 9th at 4:50 PM, Defendant DeLillo e-mailed Plaintiff with a boilerplate initial form e-mail outlining his company and services.

7. Plaintiff's caller ID read 516-492-3380.

8. At no time during this initial telephone conversation did Plaintiff give the Defendants express or implied consent to call him again.

9. The unsolicited telephone call was placed to Plaintiff's personal mobile telephone number and utilized equipment that has the capacity to place an autodialed calls using an "automatic telephone dialing system" to transmit a message, as prohibited by 47 U.S.C. § 227(b)(1)(B).

10. Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

11. Plaintiff's telephone number was on the National Do-Not-Call registry since 2015.

12. Plaintiff received additional calls from the Defendants using the same caller ID, 516-492-3380, at the following times: two calls in succession on June 12th at 9:47 AM, June 12th at 11:35 AM, June 12th at 4:16 PM, June 13th at 9:48 AM, three calls in succession at 12:28 PM on June 13th, and June 14th at 10:49 AM.

13. Plaintiff was fed up with receiving these annoying telemarketing calls from the Defendants, so he sent an e-mail to Defendant Anthony DeLillo on Saturday, June 22, 2017 at 1:23 PM. Plaintiff's e-mail read:

> *Please cease and desist all telemarketing calls to my phone number. Please provide me with a written copy of your company's Do-Not-Call policy, and put my number on your company's internal Do-Not-Call list.*
>
> *James E. Shelton*
>
> *(484) 626-3942*
>
> *Plaintiff*

14. Despite this clear cease-and-desist e-mail, Plaintiff received an additional call from the Defendants at 12:27 PM on Monday, June 19th.

15. Furthermore, Plaintiff received a call from Defendants on Monday, June 19th at 2:32 PM. This time, Plaintiff's caller ID read 631-521-4581. Defendant DeLillo identified himself by name, and asked Plaintiff why he had sent an e-mail asking to be placed on the Do-Not-Call list. Plaintiff asked DeLillo once again to place his number on the Company's internal Do-Not-Call list. Plaintiff asked to speak to Defendant George M. Greco Jr, in an

attempt to resolve this matter. However, the Defendants disconnected the call and refused to settle, hence the instant suit.

**16.** Defendants failed and/or refused to provide Plaintiff with a copy of their company Do-Not-Call policy.

**17.** Defendants failed and/or refused to put Plaintiff's telephone number on the Company's internal Do-Not-Call list.

**18.** These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

**19.** Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls for sales purposes on his personal mobile telephone. Plaintiff never provided his contact information to Company on an inquiry form, online or otherwise.

**20.** Plaintiff had no prior business relationship with any one, more, or all of Defendants.

**21.** Plaintiff has suffered actual damages, including but not limited to: reduced storage space on his telephone, mobile data consumption, and reduced battery life, as well as wasting his time.

**22.** The Sales Calls violated various portions of 47 U.S.C. § 227 and 47 CFR § 64.1200.

### First Cause of Action

(Negligent Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

**23.** Plaintiff incorporates and re-alleges, as though fully set forth herein, each of the paragraphs above.

24. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

25. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call" Prohibition, 47 U.S.C. § 227 et
seq.)

26. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

27. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

28. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future..

## Third Cause of Action
(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et

seq.)

29. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

30. As a result of Defendants' and Defendants' agents negligent violations of 47

CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Fourth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

31. Plaintiff incorporates and re-alleges, as though fully set forth herein, each of the paragraphs above.

32. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Fifth Cause of Action
(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

33. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

34. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

35. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

36. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

**I. PRAYER FOR RELIEF**

On Causes of Action 1-6:

1. For awards of $500 for each negligent violation as set forth in actions 1-6;

2. For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-8.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing; Total statutory damages: **$21,000.00** (Twelve Sales Calls at $1,500 per call, and one count each for: Failure to put Plaintiff's number on Company's internal Do-Not-Call list, and Failure to Provide a Written Copy of Defendant's Do-Not-Call policy, with treble damages of $1,500 for each)

For All Causes of Action:

4. Prejudgment interest at the maximum legal rate;

5. Costs of suit herein incurred; and

6. All such other and further relief as the Court deems proper.

### V. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable

Dated: 6/23/2017

*James E Shelton*

James Everett Shelton
*Plaintiff Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
jamieshelton66@yahoo.com